Dear Mayor Randolph:
This office is in receipt of your request for an Attorney General's opinion on behalf of the City of Alexandria (the "City"), regarding financial arrangements between the City and residential subdivision developers for certain infrastructure improvements, including streets, bridges and underground utilities. According to your request, the City building codes require that roads, bridges, drainage, sewer, water and gas lines be built to certain standards. Private developers constructing new residential subdivisions must present their subdivision development plans to the City for approval. The development plans include the construction and connection of sewer, water and gas lines by the private developer. If the plans are approved and the work is performed satisfactorily and in accordance with the approved plans, the City accepts dedication of the development roads, drainage easements, and sewer, water and gas lines, and thereafter the City is responsible for all maintenance, repair and replacement. The cost of construction of the sewer, water and gas lines and connection to the City public works system is at no cost to the City.
In reviewing subdivisions plans, the City may request a developer to incorporate additional improvements into its design and construction in order to allow the City to accommodate future growth. These improvements, not required by the City building code, take place on both the private property being developed by the developer and on public property when the developer constructs and then connects sewer, water and gas lines from the private development to the public works system. The City assumes the financial responsibility for any costs associated with the additional infrastructure improvements.
Common examples of such infrastructure enhancements include increasing the size of water lines, enlarging intersections and constructing bridges across drainage canals and bayous that will intersect with existing City roads. When terms are agreed upon, a written agreement, known as a Development Agreement, (the "Agreement") is executed between the City and the developer pursuant to La. R.S. 33:4780.21 et. seq. *Page 2 
Through these cost share Agreements, the City agrees to reimburse the developer the increased costs associated with the special infrastructure improvements required or requested of the City. Specifically, your request asks whether the public bid laws or any other laws apply to these Agreements, and whether La. R.S.33:4780.21, et seq. permits the City to enter into a contract with a private developer wherein the City agrees to reimburse the developer for costs incurred to construct infrastructure improvements upon either the developers private property or City property in contemplation of the infrastructure improvements being dedicated to the City upon satisfactory completion of the development subdivision. Of particular concern to the City are those improvements for which the City assumes full financial responsibility; i.e., natural gas lines and bridge construction and which improvements occur solely upon public property. You also ask if the City can utilize these Agreements to permit a developer to design and construct improvements and obtain one hundred percent (100%) reimbursement from the City. You further state in your opinion request that the City has a strong interest in ensuring the quality of subdivision infrastructure because, upon dedication, the City assumes responsibility for all future repair, maintenance and replacement.
The Louisiana Public Bid Law (La. R.S. 38:2211-2296) and specifically R.S. 38:2212A(1)(a) requires that, "All `publicwork' exceeding the contract limit . . . to be done by a`public entity' shall be advertised and let by contract to the lowest responsible bidder . . .". R.S. 38:2211A(11) defines Public Work as the "erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity. Opinion Number 96-440 of this office concluded that, "It is clear from the statutes and cases that the Public Bid Law applies only if a`public entity' contracts for the construction of `publicworks' on `public property' using `public funds'."
The series of transactions outlined in your request indicates that the developer and the City enter into a Developer Agreement pursuant to LSA-R.S. 33:4780.21 et seq. for construction of a residential subdivision that includes certain infrastructure improvements upon public property or upon private property to be dedicated to the City and which are not otherwise required by the City building code. The Agreement further provides that public funds will be paid to the developer as reimbursement for the costs of these additional infrastructure improvements. Under these circumstances, the City, a public entity, is expending public funds on a public work on public property. The fact that some of the infrastructure improvements may take place upon private property prior to acceptance and dedication of the improvements to the City pursuant to a developer agreement does not change the fact that the public entity will pay for, own and assume all future maintenance, repair and replacement of the infrastructure improvements. It is therefore the opinion of this office that the Public Bid Law is applicable to any infrastructure improvement agreement or Development Agreement that requires the developer to construct infrastructure improvements upon public property or upon private property which, upon completion, acceptance and dedication to the City, the contractor will be reimbursed the costs of the improvements. *Page 3 
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 BY:_________________________
 RICHARD L. McGIMSEY
 Assistant Attorney General